Abraham J. Gellinoff, J.
This is a petition pursuant to article 78 of the Civil Practice Act to review respondent’s determination ordering an increase in maximum rents. Objections are made on two grounds. One, that the sales price used as a basis for determining the “hardship’’ increase was not reflective of the true value of the property, and the other, that essential services are not being maintained. ■
As for the first, the applicable statute requires the .use of the sales price if it is the result of an arm’s length transaction on normal financing terms at a readily ascertainable price and unaffected by special circumstances which would make the sales price not truly reflective of value (State Residential Rent Law, § 4, subd. 4, par. [a], cl. [1]; L. 1946, ch. 274, as amd.)
*33 In the case at bar, the sales price was $527,353.46. A little more than one fourth was paid in cash, and the remainder by assuming two mortgages totaling over $256,000, and executing a third for the sum of $135,000. In addition, it was found that the purchaser arranged for outside financing by way of an additional $54,000 mortgage which was satisfied before the institution of the administrative proceedings herein.
In determining that the sale was bona fide, the Administrator considered such factors as (1) that the total price was only 9.09 times the rent roll, (2) that rents on the apartments in question have remained comparatively low, and (3) that more than 25% was paid in cash, about 2% times the rent roll. This determination appears to have ample support in the record.
There is no doubt that where it is shown that a sale was engineered for the sole purpose of an application for rent adjustment, this may be considered as an indication that the transfer of the property was effected at a price in excess of fair valuation (see Matter of Bajart Management v. Weaver, 8 A D 2d 56, 60). However, where the record does not disclose that purchaser and seller negotiated other than as adversary parties, each standing on his respective rights and neither under the other’s control, there is nothing to indicate that the seller received less, or the buyer paid more, than the fair value of the property (Matter of Realty Agency v. Weaver, 7 N Y 2d 249; Matter of Payson v. Caputa, 9 A D 2d 226). In such circumstance, the respondent is mandated by the Legislature to use the sales price as the basis for computation of increases.
Petitioner contends that the purchaser made certain statements to the effect that the property qualified for a rent increase on the ground of “ hardship ”, and opines that “ this property would never have been bought by the landlord except for the application to be made based on hardship ”. Undoubtedly the possibility or even likelihood of obtaining a “ hardship ” increase was considered by the purchaser, along with other factors, in arriving at a price to be paid for the property. But there is no showing that the purchase price was altered thereby so as to no longer reflect the true value; and it is clear from the entire record presented that the purpose of buying the property was not solely to obtain rent increases.
As for petitioner’s ground that essential services were not maintained on the date of the order, the contrary findings with respect thereto are supported by investigative reports and other evidentiary matter in the record. There is, therefore, no ground for upsetting this determination. For the foregoing reasons the petition must be dismissed.